UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA CONNORS,<br><br>Respondent. | Case No. 17cv2219 BTM<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES |

The Government has petitioned the Court for an order enforcing Internal Revenue Service ("IRS") Summonses issued to Patricia Connors ("Respondent"). On November 27, 2017, the Court issued an order setting a hearing on the petition to enforce. On November 29, 2017, the IRS personally served Respondent with a copy of the Court's order, the Government's petition to enforce, and the supporting declaration. Respondent did not file a written response to the order.

The hearing was held on the Government's petition on February 9, 2018, at 2:00 p.m. The Government was represented by Boris Bourget. Respondent was ill and did not appear but was represented by Chris Cooke. For the reasons explained herein, the Government's petition to enforce the summonses is granted.

## BACKGROUND

On April 11, 2017, W. Wooldridge, a Revenue Officer employed by the IRS, issued two IRS summonses to Respondent. [Amended Declaration of Revenue

Officer W. Wooldridge in Support of Petition, ("Wooldridge Decl."), ¶ 5.] The IRS is conducting an investigation to determine the collectability of Respondent's tax liabilities for the 2002, 2003, 2004, 2005, 2006, 2007, and 2008 tax years and to determine her tax liabilities for the 2009, 2010, 2011, 2012, 2013, 2014, and 2015 tax years. [Id. at ¶ 4.] On April 11, 2017, Revenue Officer Wooldridge personally served the summonses on Respondent. [Id. at ¶ 8.] The summonses called for Respondent to appear before the IRS on May 10th, 2017. [Id. at ¶ 6.]

Respondent failed to appear and provide the summoned information. [Id. at ¶ 9.] On May 18, 2017, the Office of Division Counsel of the IRS sent letters to Respondent directing her to appear before Revenue Officer Wooldridge on May 31, 2017. [Id. at Ex. B.] Respondent again failed to appear for this meeting and provide the summoned information. On June 13, 2017, Respondent's attorney contacted Revenue Officer Wooldridge, and Ms. Wooldridge agreed to give Respondent until June 27, 2017, to appear before her and provided the summoned information. [Id. at ¶ 10, Ex. C.] Respondent did not appear. To date, Respondent has not provided the IRS with any of the summoned information.

On November 27, 2017, the Government filed an amended petition to enforce the IRS summonses. That same day, Respondent was ordered to appear before the Court on January 12, 2018. That hearing was continued until February 9, 2018. The Court also ordered Respondent to respond with any defense or opposition to the petition at least 14 days prior to the hearing date. Respondent did not file a written response. Respondent did not object to the issuance of an order enforcing the summonses.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any

internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized Respondent's burden as a heavy one. Id.

Respondent does not object to granting the Government's petition, but in any case, the Government's petition and Revenue Officer Wooldridge's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation to determine the collectability of Respondent's tax liabilities for the 2002–2008 tax years and to determine her tax liabilities for the 2009–2015 tax years. [Wooldridge Decl., ¶ 4.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summonses were issued for a legitimate purpose. Second, Revenue Officer Wooldridge has declared in her declaration that the information requested by the summonses may be relevant to determine Respondent's tax

3

liabilities and collectability of her tax liabilities. [Id. at ¶ 12.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summonses issued to Respondent. [Id. ¶ 13.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summonses. [Id. at ¶ 15.] Thus, the Government has made a prima facie showing that it is entitled to judicial enforcement of the summonses.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summonses is GRANTED. Respondent, Patricia Connors, is directed to appear before Revenue Officer Wooldridge on March 16, 2018, at 9:30 a.m., at the offices of the Internal Revenue Service located at 1 Civic Center Drive, Suite 400, San Marcos, California, 92069, and to produce the documents and give testimony as directed in the summonses.

<u>Respondent is hereby notified that failure to comply with this Order may subject her to sanctions for contempt of court.</u>

IT IS SO ORDERED.

**DATED:** February 28, 2018

**BARRY TED MOSKOWITZ, Chief Judge**
**United States District Court**